Filed 8/24/16  P. v. Lake CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN LAKE,<br><br>    Defendant and Appellant. | G052372<br><br>(Super. Ct. No. 07NF3638)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

An information charged John Lake with 10 counts of residential burglary (counts 1-10), two counts of vehicle theft (counts 11-12), one count of receiving stolen property (count 13), and two counts of unauthorized use of an automated teller machine (ATM) access card (counts 14-15). In addition, the information alleged Lake had sustained five prior felony convictions or "strikes," under the "Three Strikes" law, two prior serious felony convictions pursuant to Penal Code section 667, subdivision (a)(1),[1] and had served one prior prison term (§ 667.5, subd. (b)).

Lake, acting as his own attorney, successfully moved to dismiss counts 1, 2 and 4 at the conclusion of the prosecution's case-in-chief. The jury found him not guilty of count 8, but guilty of counts 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15. The jury also found true allegations he had suffered three prior strikes and one prior serious felony conviction. The court dismissed the prior prison term allegation on motion of the district attorney and sentenced Lake to consecutive terms of 25 years to life on all counts except count 13 (which the court stayed pursuant to section 654) and added 10 years for each of the prior serious felony convictions to each count for a total term of 350 years to life.

On June 15, 2015, the Riverside County Public Defender's office sought to have three of Lake's felonies reduced to misdemeanors pursuant to the passage of Proposition 47 and the enactment of Penal Code provisions enacting it into law. Lake moved to represent himself in this motion and his request was granted. He immediately filed several motions alleging civil rights violations and violations of the Americans with Disabilities Act (ADA); he also asked for an investigator.

The court granted his motion to reduce the three challenged felonies to misdemeanors. It struck the felony provisions of his sentence for those three crimes,

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

imposed new misdemeanor sentences of 10 days each, and gave him credit for time served.

Lake was not satisfied.  He told the court he had other motions he wished to bring and did not want the court to rule on the ones before it.  The court declined to hear anything other than the motion before it.  Lake filed two notices of appeal, primarily asserting issues of judicial misconduct and violation of the ADA.

We appointed counsel to represent Lake.  He filed a brief with this court, asserting he was unable to find an arguable issue.  He did not argue against Lake, but merely complied with his ethical obligation to express to the court his inability to find an issue upon which his client might prevail and request us to review the record and see if we could find one.  (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.)  In those circumstances, we are required to review the record ourselves to determine whether there is an arguable appellate issue.

We are also required to consider any issues Lake himself suggests.  He filed with us a document that consists of an 11-page summary prepared by the Teresa L. Norris Center for Capital Litigation listing "Summaries of All Published Successful Ineffective Assistance of Counsel Claims Since *Strickland v. Washington*," and a 2006 ethics opinion of the American Bar Association concerning the duties of "Lawyers Who Represent Indigent Criminal Defendants When Excessive Caseloads Interfere With Competent and Diligent Representation."  There is no accompanying explication of the significance of these documents, but we glean from them – and from the fact Lake has entitled the document "Motion for Marsden and Filing Wende's Brief (PC § 1258, § 1259)" – that Lake wishes us to consider the argument that his counsel has been ineffective.

The document does not say whether it refers to trial or appellate counsel.  Indeed, it does not say anything:  there is no text of any sort provided by Lake himself.  But if it is a complaint about his trial representation, it was dealt with in his direct appeal, almost five years ago.  If it is a complaint about appellate representation on the matter

3

before us, it is wholly inadequate.  There is nothing to suggest appellate counsel in this matter did anything but fully research (she provides us with a two-page chart of Lake's motions that she reviewed looking for an issue) and consider whether she could find a way to complain about what happened in this matter.

She could not.  Nor can we.  The motion filed on Lake's behalf sought three reductions of felonies to misdemeanors.  The motion was granted, and Lake was given the relief sought.  There is nothing about which to complain, much less appeal.

Lake would like to use the sentencing issue before us as a vehicle to bring before the court a laundry list of grievances about his incarceration.  That cannot be done. If Lake has issues with his incarceration, he must present them to the court by way of motion, writ, or lawsuit in which those issues are raised in the first instance.  He cannot ask the court to examine his sentence and then try to introduce collateral issues.  You cannot go to the doctor complaining of a head cold and demand that your feet, knees, heart, spleen, lungs, left elbow and right lower incisor be examined.

Lake won all the relief he sought and all that could be granted.  There is nothing here to appeal.

                                                                BEDSWORTH, J.

WE CONCUR:



O'LEARY, P. J.



ARONSON, J.